### APPEAL OF JULIUS FORSTMANN.

Docket No. 2521.   Promulgated February 2, 1927.

Deduction of amounts as ordinary and necessary business expenses allowed.

*Thomas G. Haight, Esq.*, and *W. A. Bolinger, Esq.*, for the petitioner.

*Bruce A. Low, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency in income and profits taxes for the years 1917 to 1921, inclusive, in the amount of $104,283.79.

FINDINGS OF FACT.

The petitioner is an individual residing at Passaic, N. J. He filed an original, an amended, and a second amended income and profits-tax return for the year 1917 and deducted from gross income therein the amount of $18,000, on account of ordinary and necessary business expenses claimed to have been incurred and paid in that year, under the circumstances hereinafter set forth. The Commissioner disallowed the deduction and on March 30, 1923, advised the petitioner by letter that there was a deficiency in tax for the year 1917 in the amount of $16,842.44, and that immediate assessment thereof would be made in order that the collection of such additional tax might not be jeopardized by the delay incident to giving the usual thirty days' notice provided for by section 250(d) of the Revenue Act of 1921. The additional tax was assessed in March, 1923. On April 27, 1923, the petitioner filed a claim for the abatement of the additional tax and alleged in support of his claim that he was entitled to the deduction of $18,000 for ordinary and necessary business expenses taken in his returns for the year 1917. On August 2, 1924, he was advised by the Commissioner of the proposed rejection of his claim for abatement and of the allowance of thirty days within which to file a protest against the proposed rejection. On August 25, 1924, the petitioner filed a protest against the proposed rejection of his claim for abatement and on January 15, 1925, was advised that his claim for abatement had been allowed in the amount of $1,033.12, and disallowed for the remainder thereof.

The petitioner has for many years been connected with the Forstmann-Huffman Co., a New Jersey corporation engaged in the manufacture of fine woolen textiles, at Passaic, N. J. During the years 1917 to 1921, inclusive, he was president of the corporation. In the year 1908 the petitioner, who was then a minority stockholder of the company, pointed out to the board of directors that he was continually incurring expenses in the interests of the company by entertaining in his home and elsewhere prospective buyers and others with whom the company was dealing and in traveling for the purpose of buying and selling merchandise and in keeping in touch with the fashions in the United States and foreign countries, and that it was extremely difficult for him to keep an accurate and detailed account of his expenditures for those purposes. The board of directors thereupon agreed to and did allow him the amount of $10,000 per annum for entertainment and traveling expenses. In the year 1910 the allowance was increased to $15,000 per annum. In the year 1913 the allowance for traveling and entertainment was found to be inadequate and was increased to $18,000 per annum, and it remained at that amount during the years 1913 to 1921, inclusive. The amounts

set aside to be expended by the petitioner in traveling and entertainment for the benefit of the corporation during the years 1917 to 1921, inclusive, were drawn by him and were expended by him for those purposes in those years. In addition, he paid, during the year 1918, the amount of $14,500 to one Charles F. H. Johnson, as the corporation's share of the compensation and expense of Johnson as representative of the Passaic, N. J., industries in Washington during the year 1918. For this expenditure he was reimbursed by the corporation.

In his income and profits-tax returns for the years 1917 to 1921, inclusive, the petitioner included in his gross income the amounts allowed him for traveling and entertainment, as herein set forth, and also the amount of $14,500, received from the corporation to reimburse him for the amount paid to Johnson, and deducted the amount of $18,000 in each year as expenses actually incurred for traveling and entertainment, etc., and also the amount of $14,500 paid to Charles F. H. Johnson. The Commissioner disallowed the deductions.

### OPINION.

MARQUETTE: The Commissioner filed a plea in bar to the right of the petitioner to maintain his appeal as to the year 1917, on the ground that "there has not, since the enactment of the Revenue Act of 1924, been a determination by the Commissioner that a deficiency in tax is due from the taxpayer for the year 1917."

The tax herein was assessed prior to the enactment of the Revenue Act of 1924 and the amount of the deficiency was finally determined by the Commissioner after the enactment of that Act. An appeal from the final determination of the deficiency was taken to this Board and the appeal was pending before the Board at the time of the enactment of the Revenue Act of 1926. That we have jurisdiction of the appeal is settled by section 283 (f) of the Revenue Act of 1926, which provides:

If any deficiency in any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, was assessed before June 3, 1924, but was not paid in full before that date, and if the Commissioner after June 2, 1924, but before the enactment of this Act finally determined the amount of the deficiency, and if the person liable for such tax appealed before the enactment of this Act to the Board and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal. * * *

See also *Appeals of Elizabeth W. Stranahan*, 4 B. T. A. 1141; *Nice Ball Bearing Co.*, 5 B. T. A. 484; and *William A. Slater Mills, Inc.*, 5 B. T. A. 971.

The only other issue raised herein is whether or not the petitioner, in computing his net income for the years 1917 to 1921, inclusive, is entitled to deduct in each year the amount of $18,000 drawn by him from the Forstmann-Huffman Co. to cover traveling and entertainment expenses incurred by him in behalf of and for the benefit of the company, and to deduct the amount of $14,500 paid by him in the year 1918 to Charles F. H. Johnson. The Commissioner does not contend that the expenses incurred by the petitioner in traveling and entertainment on behalf of the company are not deductible but urges that the petitioner has failed to show that the amounts drawn from the company for that purpose were in fact spent by him.

We have carefully considered the testimony adduced as to this issue which is at length and can not be set forth in detail here, and we are of the opinion that in each of the years 1917 to 1921, inclusive, the petitioner expended on behalf of and for the benefit of the Forstmann-Huffman Co. at least $18,000 for traveling, entertainment and other legitimate business purposes, and that, inasmuch as he has included in his income for those years the entire $18,000 drawn by him from the company for these purposes, he is entitled to deduct the amount thereof actually expended.

With regard to the amount of $14,500 paid by the corporation to the petitioner to reimburse him for the amount paid by him to Johnson as the corporation's share of maintaining Johnson at Washington as a representative of the Passaic industries, a different situation exists. That was clearly a direct corporation expense and had no connection with the services which the petitioner rendered to the corporation and for which he received compensation. In our opinion, the amount so received by the petitioner from the corporation should not be included in his gross income; neither should he be permitted to deduct the amount paid to Johnson.

> *Judgment will be entered on 15 days' notice, under Rule 50.*